# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50170-04 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DANIEL COLLINS | MAGISTRATE JUDGE HORNSBY |
| | * * * **FILE UNDER SEAL** * * * |

# MEMORANDUM ORDER

Before the Court is an "Ex Parte Appeal Of Magistrate's Denial Of Authorization To Expend Funds For Mitigation Investigator" filed by defendant Daniel Collins ("Collins"). See Record Document 118. In his appeal, Collins argues that because of various factors in his personal history and background, the requested funding for a mitigation investigator is necessary "to assist in investigation and preparation for sentencing." See id. at 1-2.

After reviewing the record, the Court finds that the Magistrate Judge's denial of Collins' request for funding for a mitigation investigator was proper. In his ruling, the Magistrate Judge acknowledged that "while . . . in the appropriate case, a mitigation expert may be necessary, this is not such a case." See Record Document 115 at 2. The Court agrees. Collins pled guilty to a drug conspiracy and possession of a firearm in conspiracy to distribute methamphetamine and possession of a firearm in connection with a drug felony. As acknowledged by the Magistrate Judge, these "are fairly commonplace in this court." Id. Further, the evidence Collins hoped to gain from a mitigation expert – Collins' medical history, social background, and history of substance abuse – is precisely the type

of information the United States Probation Office routinely provides in the Presentence Investigation Report.

Moreover, Collins argues that the Magistrate Judge's ruling was incorrect because it "ignore[d] the significance of [the] Supreme Court's decision in Booker/Fanfan rendering the sentencing guidelines wholly advisory in nature." See Record Document 118 at 3-4. This argument simply does not persuade the Court. Collins is correct that pursuant to the Supreme Court's decision in United States v. Booker, — U.S. —. 125 S.Ct 738 (2005), the Sentencing Guidelines are no longer mandatory. However, since Booker, the Fifth Circuit has consistently held that "[e]ven in the discretionary sentencing system established by Booker/Fanfan, a sentencing court must still carefully consider the detailed statutory scheme created by the [Sentencing Reform Act of 1984] and the Guidelines, which are designed to guide the judge toward a fair sentence while avoiding serious sentence disparity." United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005); see also United States v. Medina-Torres, No. 04-41028, 2005 WL 2746802, at *2 (5th Cir. Oct. 25, 2005); United States v. Saldana, Nos. 04-50527, 04-50591, 2005 WL 2404810, at *7 (5th Cir. Sept. 30, 2005); United States v. Lopez-Urbina, No. 04-50135, 2005 WL 1940118, at *5 (5th Cir. Aug. 15, 2005); United States v. Angeles-Mendoza, 407 F.3d 742, 746 (5th Cir. 2005); United States v. Villegas, 404 F.3d 355, 359-60 (5th Cir. 2005). The Fifth Circuit has even noted that "it will be rare for a reviewing court to say such a [Guidelines] sentence is unreasonable." Mares, 402 F.3d at 519.

In light of these principles, the Court agrees with the Magistrate Judge's ruling that the hiring of a mitigation investigator is not warranted in this case. In imposing a sentence

upon Collins, this Court will not only consider all of the information in the Presentence Investigation Report, including any information relating to Collins' medical history, social background, and history of substance abuse, but also all of the factors listed in Title 18, United States Code, Section 3553(a). Accordingly,

**IT IS ORDERED** that defendant Daniel Collins' appeal of the Magistrate Judge's ruling (Record Document 118) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 22nd day of November, 2005.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE