**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50170-04 |
| | CIVIL ACTION NO. 12-2895 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DANIEL WAYNE COLLINS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 166) filed by Petitioner Daniel Wayne Collins ("Collins"). Collins seeks an order from the Court vacating or reducing his sentence on the grounds of ineffective assistance of counsel. For the reasons set forth below, Collins' motion is **DENIED**.

**BACKGROUND**

On July 27, 2005, Collins plead guilty to a two count Bill of Information, charging him with conspiracy with other persons both known and unknown to the government, who did knowingly and intentionally conspire and agree together to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846 in Count 1; and with knowingly and intentionally possessing a firearm, to wit: a Glock 22 .40 caliber semi-automatic handgun serial number BAM595 US, in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A) in Count 2. See Record Documents 90, 91, 92 and 93.

On December 15, 2005, Collins was sentenced to the Bureau of Prisons for 168 months as to Count 1, and 60 months as to Count 2, to run consecutively with Count 1. He received 5 years of Supervised Release as to Count 1, and 3 years as to Count 2, to run concurrently with Count 1. See Record Document 125. The judgment was signed and entered into the record on December 20, 2005. See Record Document 126.

Collins filed a Notice of Appeal to the 5th Circuit Court of Appeals on December 16, 2005. See Record Document 127. On November 17, 2006, the Fifth Circuit affirmed the sentence and conviction of Collins. See Record Document 144. On July 11, 2006, the U.S. Supreme Court denied Collins' petition for writ of certiorari. See Record Document 156.

Now before the Court is Collins' Section 2255 motion, which was filed on November 13, 2012. See Record Document 166. He asserts the following grounds for relief:

(1) Ineffective assistance of counsel for failure to inform Collins of the terms of a plea deal;

(2) Ineffective assistance of counsel for failure to advise as to plea bargains;

(3) Ineffective assistance of counsel for failure to challenge interrogations

See id. Before considering the substantive grounds of Collins' Section 2255 motion, this Court must decide the issue of timeliness, as the Government argues that Collins did not file his motion in accordance with the applicable statute of limitations.

## LAW AND ANALYSIS

In order to review the merits of a motion under Section 2255, it must be filed within the statute of limitations. Title 28, United States Code, Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Section 2255(f)(1) is controlling.

In connection with the filing of a Section 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed." U.S. v. Thomas, 203 F.2d 350, 352 (5th Cir. 2000). Collins' petition for writ of certiorari was denied by the U.S. Supreme Court on July 11, 2006, which would be the date upon which further direct review was foreclosed. Collins then had one year from July 11, 2006 to file his Section 2255 motion. He did not file the instant motion until November, 2012. Thus, his Section 2255 motion is dismissed as untimely.

## CONCLUSION

Based on the foregoing, the Court finds that Collins' claims fail because his Section 2255 motion is untimely. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 166) be and is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may*

direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE