UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50170-04 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DANIEL WAYNE COLLINS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Motion to Reconsider 18 U.S.C. § 3582(c)(2)" filed *pro se* by Defendant Daniel Wayne Collins ("Collins"). See Record Document 247. Collins is a federal prisoner in Bureau of Prisons custody at FCI Oakdale I. He asks the Court "to please reconsider [his] request for a reduction in term of imprisonment in light of this pandemic that has come out of nowhere to devastate the world." Id. at 1. He requests a "time served" sentence. Id. at 2. Collins' motion was construed by the Clerk of Court as a motion for compassionate release under Section 603 of the 2018 First Step Act. The Federal Public Defender's Office notified the Court on April 7, 2020 that its office would not be enrolling on behalf of Collins. The Government has filed a response to Collins' motion. See Record Document 250. Collins filed a reply. See Record Document 251.

Collins has previously filed several motions to reduce his sentence. See Record Documents 164, 166, 183, 196, 213, 229, 231, and 234. All such motions have been denied by this Court or withdrawn by Collins. See Record Documents 191, 193, 198, 225, 232, and 235. Most recently, Collins unsuccessfully sought a reduction of his sentence such that he could be placed in a halfway house or, alternatively, immediately released. See Record Documents 213, 229, 231, 232, 234, and 235. On December 9,

2019, Collins filed an appeal of the Court's Orders of November 18, 2019 and December 2, 2019.  See Record Document 236.  His appeal remains pending.

First, the Government contends that this Court lacks jurisdiction to consider the instant motion because Collins' case is on appeal.  Much of this argument is based on Collins' classification of his motion as a motion to reconsider.  However, in his reply, Collins clearly states that he is seeking compassionate release due to the COVID-19 pandemic and not reconsideration of the Court's previous rulings on his sentence reduction requests.  See Record Document 251.  Thus, this Court believes it has jurisdiction and will proceed to the merits of Collin's request for compassionate release.

In the alternative, the Government argues Collins is not entitled to relief because he has not exhausted available administrative remedies.  See Record Document 250 at 3-10.  Collins contends that any requirements to exhaust administrative remedies should be waived in crisis situations such as the COVID-19 pandemic.  See Record Document 251 at 2-3.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

> (3)   where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Collins moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

   Prior to 2018 only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

> (1)   prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
>
> (2)   prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility." Id.  The statute sets forth no exceptions to this mandatory statutory exhaustion requirement.

Here, Collins does not state that he requested a compassionate release to home confinement from the warden at FCI Oakdale I.  Instead, he asks the Court to waive "the administrative remedies." See Record Document 251 at 3.  Collins bases this request on the crisis situation created by the COVID-19 pandemic and the slow nature of the administrative process.  See id. at 2.

The Court is well aware of the effects of COVID-19 pandemic and the heightened risk at the Oakdale facilities.  Yet, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Collins' failure to exhaust his administrative remedies or to waive the 30-day waiting period.  Accordingly, the Court does not have authority at this time to grant the relief Collins requests. See, generally, Ross v. Blake, --- U.S. ---, 136 S.Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; This is because "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to.  For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.").

The Court shares Collins' concerns about the effect of the Covid-19 outbreak at the Oakdale facilities.  However, those concerns are not being ignored by the BOP or this Court.  Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  Pursuant to that provision of the CARES Act, on April 3,

2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited 4/20/2020). The BOP is currently reviewing all prisoners at the Oakdale facilities for some type of release, removal, or furlough, if appropriate, under the standards issued by the CDC on which persons are at heightened risk.

Additionally, the American Civil Liberties Union ("ACLU") has brought a class action on behalf of inmates at the Oakdale facilities, a prospective class which includes Collins. The matter is proceeding at this time. See Livas, et al. v. Myers, et al., Civil Action No. 20-0422 (W.D. La.).

For the foregoing reasons,

**IT IS ORDERED** that Collin's letter motion for compassionate release (Record Document 247) be and is hereby **DENIED** at this time, subject to re-urging if Collins exhausts his administrative remedies as set forth in Section 3852(c)(1)(A).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of April, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT