UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50170-04 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DANIEL WAYNE COLLINS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion Re-Urging Compassionate Release Request filed *pro se* by Defendant Daniel Wayne Collins ("Collins"). See Record Document 256. Collins' first Motion for Compassionate Release was denied subject to re-urging if he exhausted his administrative remedies within the BOP. See Record Document 252. Collins now presents evidence of exhaustion and seeks compassionate release based on generalized health concerns arising from the COVID-19 pandemic. See Record Document 256. The Government has opposed Collins' second Motion for Compassionate Release. See Record Document 260.

Collins is serving consecutive terms of imprisonment of 168 months and 60 months for conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime, all in violation of 18 U.S.C. §§ 841(a)(1) and 846, 18 U.S.C. § 924(c). See Record Document 126. He is presently serving his sentence at Dallas RRM. His projected release date is March 28, 2021.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances."

Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Collins moves to modify his sentence under 18 U.S.C. §§ 3582(c)(1)(A).  Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions.  In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such

      request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A).  The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule.  See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory.").  Here, there is no dispute that Collins has now exhausted his administrative remedies within the BOP and the instant motion is properly before this Court.  See Record Document 260 at 4.

      Subject to exhaustion and the considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) would permit a reduction in Collins' term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction.  The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Turning to the Guidelines, U.S.S.G. § 1B1.13 explains that a reduction is authorized when the court, after consideration of the factors set forth in 18 U.S.C. § 3553(a), determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g).  The reduction must also be consistent with the policy statements set forth in U.S.S.G. § 1B1.13.  Application Note 1 of the U.S.S.G. § 1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under Section 3582(c)(1)(A):

(A)    Medical Condition of the Defendant. –

    (i)    The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory).  A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required.  Examples include

>> metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>> (ii)  The defendant is –
>
>>> (I)  suffering from a serious physical or mental condition,
>
>>> (II)  suffering from a serious functional or cognitive impairment, or
>
>>> (III)  experiencing deteriorating physical or mental health because of the aging process,
>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)  Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)  Family Circumstances. –
>
>> (i)  The death or incapacitation of the caregiver of the defendant's minor child or children.
>
>> (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.
>
> (D)  Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Under the authority granted to the BOP in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling," BOP Program Statement 5050.50[1] lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered partner.  BOP's program statement does not depart from the manner in which

---

[1] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

"extraordinary and compelling" is otherwise defined.  U.S. v. Hudec, No. 4:91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release."  U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").  Here, Collins cites no specific medical condition and simply points to generalized COVID-19 fears as a basis for compassionate release.  Neither the policy statements nor the applicable BOP regulations provide any basis for compassionate release based on generalized health concerns relating to COVID-19.  See U.S. v. Koons, No. 16-214-05, 2020 WL 1940570, *5; see also U.S. v. Thompson, No. 20-40381 (5th Cir. Jan. 5, 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release.").  Additionally, Collins states that "[his] health, thank the Lord, is pretty sound at the present time."  Record Document 256 at 2.  Collins simply has not met his burden of establishing extraordinary and compelling reasons necessitating compassionate release.

Accordingly,

**IT IS ORDERED** that Collins' *pro se* Motion Re-Urging Compassionate Release Request (Record Document 256) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of January, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT